Curia, per
Wardlaw, J.
It appears that shortly before his arrest, the defendant, in payment of a just debt, transferred eleven bales of cotton, or the proceeds that arose from the sale 1,hereof, to Dr. Wm. M’Neill; that the cotton and proceeds are both included in the amendments of the schedule, made by consent of plaintiffs’s attorney; and that the suggestions filed by the plaintiffs, although the first complains of undue preference, by reason of a payment to John G. Gill, and the second of such preference shewn to B. M. Love, do nowhere complain of a preference shewn to Dr. Wm. M’Neill.
The schedule must contain the whole estate, as it exists at the time of making the schedule; if the estate has been reduced by improper payments or expenditures, exceptions may be taken; but, as the practice has heretofore been settled, the inquiries before the jury must be confined to the points made by the suggestions. Now, if it appeared that, by reason of payments to Dr. M’Neill, that which would otherwise have been the property of the defendant, was, before the filing of the schedule, abstracted, the jury could not, therefore, say that the defendant’s schedule did not contain all he owned when it was made; and the fact or character of the payment not having been put in issue, the finding of undue preference by reason of such payment, was irregular. It may have been that the defendant, not apprised of any objection on account of such payment, was prevented from shewing that it did not constitute such *146 undue preference as the act was intended to guard against. The verdict is therefore set aside, and the case ordered back for a rehearing.
Richardson, O’Neall, Evans, Earle, and Butler, JJ. concurred.